UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM QUARTARO,
EXECUTOR OF THE ESTATE OF
JOSEPH QUARTARO                                                          PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:12-CV-00075-CRS

YAMAHA MOTOR CORPORATION,
U.S.A., et al.                                                           DEFENDANTS

## MEMORANDUM OPINION

This case is before the court on the motion of the plaintiff, William Quartaro, executor of the Estate of Joseph Quartaro ("Plaintiff"), to transfer venue to the United States District Court for the Southern District of New York or, in the alternative, to the Central District of California or the Northern District of Georgia. (DN 38). For the reasons set forth below, the Court will grant the motion to transfer venue.

## BACKGROUND

Unless otherwise indicated, the following facts are undisputed. Plaintiff was a New York resident who was allegedly injured in Mexico when the Yamaha Rhino ATV that he was driving rolled over and ejected him. Plaintiff originally filed this case in the Western District of Kentucky pursuant to Multi-District Litigation 2016, *In re: Yamaha Motor Corp Rhino ATV Products Liability Litigation* (hereinafter the "Rhino MDL"). A final order was issued in the Rhino MDL on January 7, 2013, and the case was thereafter reassigned to this court. (DN 17).

Plaintiff died on November 27, 2013, during the pendency of this action, and the executor of his estate was substituted as a party. (DN 35). Plaintiff now seeks to transfer this action to the United States District Court for the Southern District of New York or, alternatively, to the

Central District of California or the Northern District of Georgia.  (DN 38).  Defendants Yamaha

Motor Corporation, U.S.A. ("YMUS"), Yamaha Motor Manufacturing Corporation of America

("YMMC"), and Yamaha Motor Co., Ltd. ("YMC") (collectively "Defendants") oppose the

motion and ask that the matter either be heard in the Western District of Kentucky or dismissed

on *forum non conveniens* grounds.[1]

## STANDARD

Section 1404(a) provides that "For the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." 28 U.S.C. § 1404(a). A two-part test assists courts in

determining when transfer is proper. *See Rutherford v. Goodyear Tire & Rubber Co.*, 943

F.Supp. 789, 791 (W.D. Ky. 1996). First, the Court must determine whether the action could

have been brought originally in the transferee court. *Id.* Second, the Court must decide whether a

change of venue would serve the interests of justice and facilitate the convenience of the parties

and witnesses. *Id.*

 "[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the

private interests of the parties, including their convenience and the convenience of potential

witnesses, as well as other public-interest concerns, such as systemic integrity and fairness,

which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Exp., Inc.*, 929 F.2d

1131, 1137 (6th Cir.1991). Although "district courts have 'broad discretion' to determine when

party 'convenience' or 'the interest of justice' make a transfer appropriate," *Reese v. CNH*

*America LLC*, 574 F.3d 315, 320 (6th Cir. 2009), courts within the Sixth Circuit have identified

nine factors that should be considered in making this determination. These factors include:

---

[1] To the extent our analysis of the motion to transfer deals with the same considerations that would be relevant to the motion to dismiss based on *forum non conveniens*, we will not separately address the parties' arguments related to *forum non conveniens*.

(1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*See Long John Silver's, Inc. v. Nickleson*, No. 3:11–CV–93–H, 2011 WL 5025347, at *4 (W.D. Ky. Oct. 21, 2011); *Cowden v. Parker & Associates, Inc* ., No. 5:09–CV–0323–KKC, 2010 WL 715850, at *2 (E.D. Ky. Feb. 22, 2010); *Perceptron, Inc. v. Silicon Video, Inc.*, 423 F.Supp.2d 722, 729 (E.D. Mich. 2006).

The moving party bears the burden of demonstrating that the balance of these factors weighs in favor of transfer. *Adams v. Honda Motor Co.*, No. 3:05–CV–120–S, 2005 WL 3236780, at *1 (W.D. Ky. Nov. 21, 2005). Although "the plaintiff's choice of forum should rarely be disturbed… unless the balance [of convenience] is strongly in favor of the defendant," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, (1947), the plaintiff's choice is by no means dispositive. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). Instead, the court's decision must be based on an "individualized, case-by-case consideration of convenience and fairness" that accords every relevant factor its due consideration and appropriate weight. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

## DISCUSSION

This case presents unusual circumstances. Although the alleged injury occurred in Mexico, Plaintiff filed the present action in the Western District of Kentucky as part of the Rhino MDL, notwithstanding the fact that the parties do not reside in, nor did the events leading to the litigation take place in, Kentucky. Due to the paucity of connections to the Western District of Kentucky, the Court will grant the motion to transfer venue.

The Court must first determine whether the transferee courts proposed by Plaintiff are courts where this action could have originally been brought. 28 U.S.C. § 1391(b) provides that venue in civil cases is proper only in the following forums:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For purposes of this statute, a corporation or unincorporated association is deemed to reside in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c).

As an initial matter, the Court notes that Defendants are not all residents of the same state, thereby rendering the first subsection of Section 1391(b) inapplicable.[2] However, Section 1391(b) further provides that venue is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred..." 28 U.S.C. § 1391(b). The Rhino at issue was manufactured by YMMC in Georgia, and was marketed and distributed by YMUS in California. Thus, of the three possible districts proposed for transfer—the Southern District of New York, the Central District of California, and the Northern District of Georgia—only the Central District of California and the Northern District of Georgia qualify as districts wherein a substantial part of the events or omissions giving rise to the claim occurred. Accordingly, the Court will restrict its analysis to determining whether transfer is appropriate to either the Central District of California or the Northern District of Georgia.

---

[2] It is undisputed that YMUS is domiciled in California, YMMC is domiciled in Georgia, and YMC is domiciled in Japan.

For the reasons set forth below, we conclude that transfer is appropriate. To begin with, Judge Coffman's Final MDL Order (DN 96) remanding this case for further proceedings clearly reflects the parties' agreement that transfer would ultimately be necessary. As stated in the Final MDL Order, "The parties have completed... initial limited discovery... and agree that the case is ready to be transferred to an appropriate venue for further pre-trial proceedings and, if necessary, trial." (DN 96). Moreover, the parties' agreement with respect to transfer is further detailed in Judge Coffman's Case Management and Scheduling Order (In re: Yamaha Motor Corp. Rhino ATV Products Liability Litigation, MDL No. 2016, DN 229), wherein Judge Coffman explained that:

> To eliminate delays associated with transfer... and to promote judicial economy, the Yamaha Defendants have stipulated and agreed that... they will not assert any objection of improper venue... as to any Rhino-related case... filed directly in the Western District of Kentucky that is properly included in MDL 2016, where venue would otherwise appropriately lie in a federal district outside the Western District of Kentucky.

(In re: Yamaha Motor Corp. Rhino ATV Products Liability Litigation, MDL No. 2016, DN 229). Given the clear agreement of the parties that there would be no objection to transferring the case to a venue where it could have initially been brought, and given our conclusion that venue is appropriate in both the Central District of California and the Northern District of Georgia, the Court concludes that transfer is appropriate. The only remaining question is whether the case should be transferred to either the Central District of California or the Northern District of Georgia.

For the following reasons, the Court concludes that transfer to the Northern District of Georgia is the most appropriate course of action. Given that the YMMC—which has admitted that it is responsible for manufacturing the Rhino (Answer of YMMC, DN 8, at ¶ 3)—is located in Georgia, we believe that the Northern District of

Georgia would have the greatest ease of access to proof related to the manufacture and design of the Rhino. Because this evidence is highly relevant to Plaintiff's design defect claim, this constitutes a crucial source of proof that must be given special consideration. By contrast, the only connection that this case has with the Central District of California is that YMUS is domiciled there. Because it is undisputed that YMUS is involved only in the marketing and distribution of the Rhino, (Answer of YMUS, DN 5, at ¶ 2), and because the case at bar does not challenge YMUS's marketing or distribution practices, we conclude that the Northern District of Georgia is the more appropriate venue. Accordingly, the Court will grant the motion to transfer venue to the Northern District of Georgia.

A separate order will be entered in accordance with this opinion.

August 29, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**